UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SALLAH HAMAMIN ABDULLA, | ) ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | Civil Action No. 13-20 (RMC) |
| UNIVERSITY OF ARKANSAS at LITTLE ROCK, | ) ) ) ) |  |
| Defendant. | ) ) ) |  |

MEMORANDUM OPINION

Sallah Hamamin Abdulla, proceeding without counsel (*pro se*), seeks relief against the University of Arkansas at Little Rock[1] for its allegedly defamatory statements against him, which he complains caused him to lose his scholarship from the Government of Iraq to study at the University. The University has filed a motion to dismiss, claiming that the Court lacks subject matter jurisdiction over Mr. Abdulla's Complaint. The Court agrees and will grant the University's motion to dismiss for lack of jurisdiction.

I. FACTS

Mr. Abdulla, a citizen of Iraq, was a graduate student in Applied Science at the University of Arkansas at Little Rock ("the University"). He states that he attended the University "on a scholarship contract with the embassy of [Iraq]." Compl. [Dkt. 1] at 2. The

---

[1] The University of Arkansas at Little Rock is a campus of the University of Arkansas, operated under the University's authority. *See* Ark. Code Ann. § 6-64-301 (stating that the Board of Trustees of the University of Arkansas has the authority to establish and operate a campus known as the University of Arkansas at Little Rock).

1

University informed the Embassy in early 2010 that Mr. Abdulla had been academically dismissed. As a result, on April 15, 2010, the Embassy notified Mr. Abdulla that his scholarship was terminated. Mr. Abdulla protested the grounds for the University's dismissal, but the Embassy notified him on May 11, 2010 that its decision was final because they had received a letter from an official at the University confirming the dismissal. *See* Compl., Ex. 1 [Dkt. 1-1] (letter from the University to the Iraqi Cultural Office regarding Mr. Abdulla). Mr. Abdulla complained here on October 18, 2012. *See* Dkt. 1. He disputes the basis for his dismissal by the University and alleges that the University's actions "seriously damaged [his] professioanl [sic] and academic character through their intentional defamation." He further alleges physical and psychological injuries, including termination of his visa status and an eleven-day detention, and seeks over $14 million in damages. *Id*. at 3-4.

The University filed a motion to dismiss, asserting, *inter alia*, that venue in this Court was improper. Initially, this Court found that venue was improper under 28 U.S.C § 1391(b) and transferred this case to the U.S. District Court for the Eastern District of Arkansas pursuant to 28 U.S.C. § 1406(a). Mr. Abdulla asked the Court to reconsider its ruling, asserting that actions in this district (by the letter from the University) caused him harm. *See* Dkt. 7. Although the Eastern District of Arkansas received and docketed this case, on January 3, 2013, that court transferred the case back to this Court for consideration of Mr. Abdulla's motion. The Court treated Mr. Abdulla's motion as one for reconsideration pursuant to Federal Rule of Civil Procedure 54(b) and concluded that Mr. Abdulla raised factual allegations sufficient to render

venue in this Court proper pursuant to 28 U.S.C. § 1391(b)(2).  Mr. Abdulla then opposed the University's motion to dismiss, and the University replied.[2]  *See* Dkts. 17, 18.

The University's motion to dismiss will be granted because the Court lacks subject matter jurisdiction over Mr. Abdulla's claims.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint, or any portion thereof, for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is an Article III and a statutory requirement.  *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003).  The party claiming subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists.  *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008); *see Kokkonen v. Guardia Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (noting that federal courts are courts of limited jurisdiction and "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." (internal citations omitted)).

When reviewing a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), a court must review the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged.  *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004).  Nevertheless, "the Court need not accept factual inferences drawn by plaintiffs if those

---

[2] This Court initially denied without prejudice the Motion to Dismiss, Dkts. 4 & 5, filed by the University because the case was transferred to the Eastern District of Arkansas.  *See* November 15, 2012 Minute Order.  Upon granting the motion for reconsideration, the Court vacated its previous order and ordered Mr. Abdulla to respond by a date certain.  *See* January 11, 2013 Order.

inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiffs' legal conclusions." *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006). To determine whether it has jurisdiction over the claim, a court may consider materials outside the pleadings. *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

### III. ANALYSIS

The University claims that Mr. Abdulla's Complaint must be dismissed because diversity jurisdiction is absent. The Supreme Court has held that "a State is not a 'citizen' for purposes of the diversity jurisdiction." *Moor v. Alameda County*, 411 U.S. 693, 717 (citing *Postal Tel. Cable Co. v. Alabama*, 155 U.S. 482 (1894)); *see also Long v. District of Columbia*, 820 F.2d 409, 412-13 (D.C. Cir. 1987) (applying *Postal Telegraph* to dismiss a claim against the District of Columbia). The Supreme Court has extended its holding to those entities acting as "the arm or alter ego of the State." *See State Highway Comm'n of Wyo. v. Utah Const. Co.*, 278 U.S. 194 (1929). "An entity is deemed to be an arm of a state whenever the state is the real party in interest." *See Krieger v. Trane Co.*, 765 F. Supp. 756, 757 (D.D.C. 1991).

To determine whether an entity constitutes the arm or alter ego of a State for purposes of diversity jurisdiction, the D.C. Circuit looks to the analogous alter ego test used to consider Eleventh Amendment immunity. *See id.*, 765 F. Supp. at 758 ("[T]he alter ego test under § 1332 should instead be interpreted to conform to the analogous test under the Eleventh Amendment."). Federal courts that have considered whether the University of Arkansas[3] is an

---

[3] The University of Arkansas at Little Rock is the named Defendant, but the properly named defendant is the Board of Trustees of the University of Arkansas. *See Greenwood v. Ross*, 778 F.2d 448, 449 n.1 (8th Cir. 1985) ("Arkansas state law designates the Board of Trustees of the University of Arkansas as the entity capable of being sued."). Since Mr. Abdulla is proceeding without counsel, the Court will not require him to file an amended complaint naming the proper defendant since the Court does not have jurisdiction anyway.

arm of the State for purposes of the Eleventh Amendment have determined that it is immune from suit on this basis. *See InfoMath, Inc. v. Univ. of Ark.*, 633 F. Supp. 2d 674, 678 (E.D. Ark. 2007) (holding that the Eleventh Amendment barred plaintiff's claims for money damages against the University of Arkansas at Little Rock); *Greenwood v. Ross*, No. LR-C-79-406, 1988 WL 156151, *1 (E.D. Ark. Jan. 29, 1988) (holding that the University of Arkansas is immune from suits for damages under the Eleventh Amendment); *cf. Krieger*, 765 F. Supp. at 761 (concluding that the Board of Trustees of the University of the District of Columbia is an arm of the D.C. government for purposes of § 1332 and noting that "[m]ost courts considering whether public universities are independent entities have reached similar results"). This Court follows the decisions of these federal courts to conclude that the University is an arm of the State of Arkansas and thus cannot be a "citizen" for purposes of diversity jurisdiction.

Because Mr. Abdulla's only alleged basis for jurisdiction in this Court is diversity and his claim of defamation does not present a federal question, his Complaint will be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

## IV.  CONCLUSION

The University's Motion to Dismiss [Dkts. 4, 5] will be granted, and Mr. Abdulla's Complaint [Dkt. 1] will be dismissed. An Order accompanies this Memorandum Opinion.

Date:  March 18, 2013                                      /s/
                                                           ROSEMARY M. COLLYER
                                                           United States District Judge